IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICARDO COMEGER, | § | |
| | § | |
| Defendant Below, | § | No. 344, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1612009800 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: September 17, 2019
Decided: November 22, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Ricardo Comeger, appeals from the Superior Court's July 9, 2019 order sentencing him for his fourth violation of probation ("VOP").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Comeger's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that, in July 2017, Comeger pleaded guilty to one count of aggravated menacing in Case Number 1612009800.[1]   The Superior Court sentenced Comeger to five years of Level V incarceration, suspended for one year of Level III probation.  Between 2017 and 2019, the Superior Court found Comeger in violation of the terms of his probation on three occasions.

(3)     On July 9, 2019, the Superior Court found Comeger in violation of the terms of his probation for a fourth time.  The Superior Court sentenced Comeger to four years and nine months of Level V incarceration, suspended after three months for three months of Level IV Work Release, followed by one year of Level III probation.  This appeal followed.

(4)     Comeger does not dispute that he violated the terms of his probation.  To the contrary, Comeger admits his guilt.  However, he asks this Court to modify his sentence to remove the Work Release condition.

(5)     We affirm the Superior Court's judgment.  Once the State has proven by a preponderance of the evidence that a VOP has occurred, the Superior Court has the discretion to require the probationer to serve the original sentence or any lesser sentence that it deems appropriate.[2]  If the

---

[1] At the same time, the Superior Court also sentenced Comeger on one count of breach of conditions of release in a different case.
[2] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005).

sentence imposed falls within statutory limits, we will not disturb the sentence on appeal unless the probationer can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind when sentencing him.[3]

(6)    In this case, the Superior Court's July 9, 2019 sentence fell within the statutory limits prescribed by the legislature, and Comeger does not contend that the judge relied on impermissible factors or sentenced him with a closed mind.  To the extent Comeger alleges he is entitled to credit for time he served in an unspecified case that was ultimately dismissed, the Court is unable to review it.  As the appealing party, Comeger had the burden to request and provide the Court with the transcript necessary to give the Court a means to review the claim of error.[4]  Without the transcript of the July 9, 2019 VOP and sentencing hearing, we are unable to review any claim that Comeger was denied credit for time previously served in an unrelated case.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] *Martin v. State*, 2016 WL 552686, at *2 (Del. Feb. 10, 2016).
[5] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).